**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Betsy Hall, *et al.*, | No. CV-16-03855-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Randy Wayne Eads, *et al.*, | |
| Defendants. | |

At issue are Plaintiffs Betsy Hall and Wade Hall's Motion to Remand to State Court (Doc. 11, Mot.), to which Defendants Randy Wayne Eads, Joyce Eads, and Eads Enterprises Incorporated filed a Response (Doc. 12, Resp.), and in support of which Plaintiffs filed a Reply (Doc. 13, Reply), as well Defendants' Motion to Strike Plaintiffs' Reply (Doc. 14).

**I.    BACKGROUND**

On December 16, 2014, Defendant Randy Eads and Plaintiff Betsy Hall were involved in a motor vehicle accident. Plaintiffs brought suit against Defendants in Maricopa County Superior Court and Defendants removed the action to this Court pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship). Plaintiffs now move to remand this action alleging that Defendants are domiciled in Arizona, thereby negating diversity jurisdiction.

## II. LEGAL STANDARD

For purposes of determining diversity of citizenship, persons are deemed to be citizens of the state in which they are domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person is "domiciled" where he or she has "established a fixed habitation or abode in a particular place and [intends] to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (internal citations and quotations omitted). While residency is a factor in determining a person's citizenship for diversity jurisdiction purposes, the fact that a person resides in a given state does not necessarily determine one's domicile. *Id.* ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode . . . . Residence is not an immutable condition of domicile."). Instead, a "person's domicile is [their] permanent home, where [they] reside with the intention to remain or to which [they] intend[] to return." *Id.* (internal citation omitted). A mere averment, or even proof, of residency in a particular state is not an averment or proof of citizenship in that state for the purpose of diversity jurisdiction. *Kanter*, 265 F.3d at 857-58.

When parties to litigation dispute citizenship based on a purported recent change in domicile, "additional principles of law apply." *Rice v. Thomas*, 64 Fed. App'x 628 (9th Cir. 2003). These factors include: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750.

A defendant seeking to remove a case to federal court carries the burden of establishing diversity jurisdiction, and "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *see* 28 U.S.C. § 1447(c). A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks

jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. *Id.*

## III.  ANALYSIS

In their Motion, Plaintiffs argue Defendants were citizens of Arizona due almost solely to one fact: Defendants purchased property in Maricopa County, Arizona and declared to a notary public that the home was to be used as their "primary residence." (Mot. at 2.) Defendants, on the other hand, present a multitude of evidence averring that they were and are citizens of Missouri. (Resp. at 2-3.) These include Defendants primarily residing in Missouri for 30 years—including at least 10 months a year currently—maintaining Missouri drivers' licenses and bank accounts, filing taxes in Missouri, regularly attending church in Missouri, and lack of personal care or maintenance of their Arizona property. (Resp. at 2-3.) Defendants also serve on boards and committees in Missouri which require state citizenship, receive Social Security Disability payments in Missouri, obtain healthcare through the Affordable Care Act Missouri marketplace, and accept all bills—including those related to their Arizona property—at their Missouri home. (Resp. at 2-3.) Finally, Defendants each avow a static intent to remain in Missouri.[1] (Resp. at 3.)

Defendants admit that the affidavit of property value signed in March 2013 identifies their Phoenix property as a "primary residence," but contend that it was a mistake during the escrow process. (Resp. at 3.) Plaintiffs respond that this statement was made under oath, that Defendants took title to the property as "Community Property" (which Plaintiffs assert is available to Arizona residents but not Missouri residents), and that some consequences must flow from these attestations as "proper classification of residential property in this State is critical to determining education funding through property taxes." (Reply at 3.) This may be true—some legal consequences may flow from

---

[1] There is no dispute as to the corporate Defendant—Eads Enterprises, Inc.'s—domicile, as it is a foreign corporation incorporated in Missouri.

Plaintiffs' apparently false statement and there may be significance to the State when a residence is not properly classified. But those consequences do not include Defendants being domiciled in Arizona. For that to occur, Defendants must have an intent to remain in Arizona, which is belied by nearly all of the evidence available to the Court. *See Lew*, 797 F.2d at 749.

## IV.  CONCLUSION

While Defendants may have a fixed residence in Arizona, the evidence presented illustrates that it is not their permanent residence. Defendants' Arizona residence does not appear to be a full or even half-time home and all attestations to date affirm their intent and desire to maintain a Missouri primary residence and domicile. Because Plaintiffs have not established that Defendants were not still domiciled in and citizens of Missouri at the time this action was filed, there is diversity jurisdiction over this matter.

Defendants also have moved to strike Plaintiffs' Reply (Doc. 13), arguing that it was untimely filed. (Doc. 14.) Because the Court finds for Defendants on the underlying Motion, regardless of Plaintiffs' Reply, the Court will deny as moot Defendants' Motion to Strike.

**IT IS THEREFORE ORDERED** denying Plaintiffs' Motion to Remand to State Court (Doc. 11).

**IT IS FURTHER ORDERED** denying Defendants' Motion to Strike Plaintiffs' Reply in Support of their Motion to Remand (Doc. 14) as moot.

Dated this 2nd day of February, 2017.

_____
Honorable John J. Tuchi
United States District Judge