1   **WO**

6              IN THE UNITED STATES DISTRICT COURT

7                FOR THE DISTRICT OF ARIZONA

9   Betsy Hall, *et al.*,                    No. CV-16-03855-PHX-JJT

10              Plaintiffs,                   **ORDER**

11  v.

12  Randy Wayne Eads, *et al.*,

13              Defendants.

         At issue is Defendants Randy Wayne Eads, Joyce Eads, and Eads Enterprises
Inc.'s Motion for Summary Judgment (Doc. 39, Mot.), to which Plaintiffs Betsy Hall and
Wade Hall filed a Response (Doc. 43, Resp.), and Defendants filed a Reply (Doc. 47,
Reply). No party requested oral argument, and the Court finds the Motion appropriate for
resolution without such argument. *See* LRCiv 7.2(f). For the reasons that follow, the
Court grants Defendants' Motion for Summary Judgment.

**I.    BACKGROUND**

         The factual premise of this case is simple and not subject to reasonable dispute.[1]
On the night of December 16, 2014, Randy Eads turned off of Frank Lloyd Wright
Boulevard in Scottsdale, Arizona, to begin merging southbound on State Route 101.

---

[1] In Response to Defendants' Statement of Facts, Plaintiffs fail to comply with this
Court's Local Rules by setting forth "for each paragraph of the moving party's separate
statement of facts, a correspondingly numbered paragraph indicating whether the party
disputes the statement of fact set forth in that paragraph" and a citation to the record to
support "the party's position if the fact is disputed." LRCiv 56.1. The Court therefore
deems Defendants' Statement of Facts admitted for the purpose of summary judgment.

(Doc. 40, Defendants' Separate Statement of Facts ("Defs' SSOF") ¶ 1.) However, Eads never reached the 101, as he rear-ended a Chrysler driven by Betsy Hall ("Hall") during his attempt to merge. (Defs' SSOF ¶ 7.)

On August 18, 2016, Plaintiffs filed their Complaint in Maricopa County Superior Court. (Doc. 1-1, Compl.) Defendants subsequently removed the matter to this Court on November 7, 2016. (Doc. 1, Notice of Removal.) Defendants now move for summary judgment, arguing that Plaintiffs cannot demonstrate that (1) that Mrs. Hall will incur future medical expenses; (2) that Mrs. Hall will lose future wages; and (3) that Plaintiffs are entitled to punitive damages.

## II.     LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256–57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

## III. ANALYSIS

In the Motion, Defendants do not contest any aspect of their liability.[2] Rather, Defendants seek summary judgment as to two measures of damages that Plaintiff alleges: future medical expenses and future lost income. (Mot. at 3–5.)[3] The Court addresses each remedy in turn.

### A. Future Medical Expenses

In the Complaint, Plaintiffs allege that, as a consequence of the car accident, Mrs. Hall suffered injuries that "may be permanent in nature" and that may cause her to incur medical expenses in the future. (Compl. ¶ 5.)

Even if the evidence supports a finding that a plaintiff's injury is permanent, this "does not in itself constitute a sufficient basis for the award of future medical expenses." *Valley Nat'l Bank of Ariz. v. Haney*, 558 P.2d 720, 722 (Ariz. Ct. App. 1976). Thus, to survive summary judgment, "the need for future care must be reasonably probable and there must be some evidence of the probable nature and cost of the future treatment." *Saide v. Stanton*, 659 P.2d 35, 36 (Ariz. 1983); *see also Valley Nat'l Bank*, 558 P.2d at 722 ("[T]here must be some evidence of the probable nature of future treatment, the duration thereof and the cost."). "Whether future medical expenses are reasonably probable or certain is determined 'from all the relevant circumstances which are before

---

[2] This, however, is not to say that Defendants may not contest this point at a later time.

[3] Defendants also move for summary judgment on Plaintiffs' claims for punitive damages. (Mot. at 6–7.) Plaintiffs do not contest dismissal of the claim for punitive damages (Resp. at 3), and the Court thus grants the Motion as it pertains to such damages.

the court.'" *Id.* at 37 (quoting *Besch v. Triplett*, 532 P.2d 532, 878 (Ariz. Ct. App 1975)). "[T]he amount of damages may be established with proof of a lesser degree of certainty than required to establish the fact of damages." *Rancho Pescado, Inc. v. Nw. Mut. Life Ins. Co.*, 680 P.2d 1235, 1245 (Ariz. Ct. App. 1984).

Here, Plaintiffs fail to establish even the fact of future damages. In opposition to the Motion, Plaintiffs offer a single piece of evidence from the records of one of Mrs. Hall's treating doctors, Dr. Crisp, to establish that Mrs. Hall will in fact require future medical treatment. (Resp. at 4–6.) In those records, Dr. Crisp opines that Mrs. Hall "*might* require repeat medial branch blocks *possibly* followed by RFA both cervical and/or lumbar *perhaps* annually over the next 2-3 years." (Doc. 44, Plaintiffs' Separate Statement of Facts ("Pls' SSOF") Ex. 9 at 2 (emphasis added).) Although the non-moving party's burden at summary judgment is not particularly high, this evidence fails to surmount even that low bar. No finder of fact could conclude, from this evidence alone, that it is "reasonably probable" that Mrs. Hall will require future medical treatment. Accordingly, the Court grants Defendants' Motion as it pertains to Plaintiffs' prayer for future medical expenses.[4]

### B. Future Lost Wages

In opposing Defendants' arguments regarding Mrs. Hall's future lost wages, Plaintiffs cite to a single statement of fact—which in turn cites only to Plaintiffs' initial disclosures and answers to Defendants' interrogatories—to support a finding that a

---

[4] In a footnote, Defendants also suggest that the Court should exclude Plaintiffs' evidence regarding future medical expenses under Federal Rule of Civil Procedure 37 for Plaintiffs' inadequate Rule 26 disclosures. Under Rule 26, "a party *must* . . . provide to the other parties . . . a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added). Rule 37 "gives teeth to [this] requirement[] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). A review of Plaintiffs' disclosures reveals that Plaintiffs failed to comply with the Rule 26(a) requirements as they pertain to Plaintiff's future medical bills. (*See* Defs' SSOF Ex. B at 15.) Thus, the Court would be justified in forbidding the use of any evidence to support the recovery of Mrs. Hall's future medical expenses. The Court, however, need not reach the question because Plaintiffs' attempt to recover Mrs. Hall's future medical expenses fails as a matter of law.

genuine issue of material fact exists as to Mrs. Hall's future lost wages. (Resp. at 6–7 (citing Pls' SSOF ¶ 15).)

This Court has refused to find a "genuine issue" of material fact where the only evidence presented is "uncorroborated and self-serving" testimony. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) ("uncorroborated and self-serving testimony," without more, will not create a genuine issue of material fact precluding summary judgment); *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996); *Johnson v. Washington Metro. Transit Auth.*, 883 F.2d 125, 128 (D.C. Cir. 1989) (discussing cases in which self-serving testimony uncorroborated by other evidence did not create a genuine issue of material fact); *Zolnierz v. Arpaio*, No. CV-11-146-PHX-GMS, 2012 WL 1432537, at *2 (D. Ariz. Apr. 25, 2012) (summary judgement may be granted when the non-moving party can produce only "uncorroborated and self-serving" statements that lack an evidentiary basis) (internal citation omitted). Similarly, "[t]he general rule in the Ninth Circuit is that a party cannot create an issue of fact by affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)

Plaintiffs' evidence fails on both grounds. First, the evidence in the record fails to corroborate Plaintiffs' contention that Mrs. Hall cannot work for more than three more years. Without more, this "self-serving" allegation cannot create an issue of fact sufficient to survive summary judgment. *See Villiarimo*, 281 F.3d at 1061. Moreover, Mrs. Hall's deposition plainly contradicts the interrogatory responses offered in Plaintiffs' Response, warranting rejection under the "sham-affidavit" rule. *See Kennedy*, 952 F.2d at 266. Indeed, when questioned by defense counsel, Plaintiff was unable to testify whether or not she will be able to work in the future. (Defs' SSOF Ex. C at 115:4–14.) This stands in direct contradiction to Plaintiffs' contention that Mrs. Hall cannot "take the pain more than another three (3) years." (Pls' SSOF Ex. 13 at 4.) The Court thus disregards Plaintiffs' interrogatory responses. Because Plaintiffs' Response offers no

other evidence to support a prayer for future lost wages, the Court must grant Defendants' Motion.

## IV.    CONCLUSION

In this action, Plaintiffs may recover neither Mrs. Hall's purported future medical expenses nor Mrs. Hall's lost future income because Plaintiffs fail to present sufficient evidence to create a genuine dispute of material fact on these issues. Additionally, the Court dismisses Plaintiffs' prayer for punitive damages because Plaintiffs concede such damages are not warranted in this case.

IT IS THEREFORE ORDERED granting Defendants' Motion for Summary Judgment (Doc. 39). At trial, Plaintiffs may not recover punitive damages or damages for Mrs. Hall's future medical expenses and future lost wages.

Dated this 25th day of July, 2018.

Honorable John J. Tuchi
United States District Judge